**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0837-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANWAR T. CROCKETT a/k/a
CROCKET, ANWAR WILLIAMS,
and KYLE H. WILLIAMS,

     Defendant-Appellant.

_____

Submitted December 3, 2019 – Decided December 10, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 11-06-1111 and 11-06-1112.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Judge Martin Cronin, who also had tried the case, entered the order under review and issued a thorough written decision. On appeal, defendant limits his argument to a single point for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT HAS ESTABLISHED A PRIMA FACIE CASE OF DEFENSE COUNSEL'S INEFFECTIVENESS FOR FAILING TO MOVE FOR A SEVERANCE FROM THE CODEFENDANT.

We have carefully considered defendant's contention in light of the applicable law, and conclude it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Cronin in his well-reasoned decision. We add only the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged

2

to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test).

In sum, defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0837-18T4